UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MOHAMMAD HASAN HUSSAINI,

Petitioner,

v.

LAURA HERMOSILLO, et al.,

Respondents.

Case No. 2:26-cv-00485-TLF

ORDER TO SHOW CAUSE

Petitioner Hussaini filed this federal habeas corpus petition under 28 U.S.C. § 2241, challenging his detention on Due Process grounds under the Fifth Amendment. Dkt. 2 at 8-10, 13-19.

He alleges a deprivation of Due Process, concerning the circumstances of his arrest and re-detention and informs the Court of his serious medical situation as part of the Due Process criteria by which the Court evaluates whether re-arrest and re-detention comply with Constitutional requirements such as evaluation of risk of flight or dangerousness. *Id.*; *see also Mathews v. Eldridge,* 424 U.S. 319, 334-35 (1976); *see also E.A.T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1320-24 (W.D. Wash. 2025) (analyzing the *Mathews* factors, and holding that Due Process requires an individualized assessment of risk of flight and risk of dangerousness in a hearing concerning re-arrest and re-detention).

ORDER TO SHOW CAUSE - 1

On February 16, 2026, respondents asserted the Department of Homeland Security ("DHS") "has designated Petitioner as a known or suspected terrorist ('KST')." Dkt. 4 at 1-2. Respondents' filings also claim petitioner's re-detention was based on his alleged KST status. *E.g.* Dkt. 4 at 3; Dkt. 5 at 3-4; Dkt. 6-2.

Respondents have not addressed petitioner's claim, relevant to risk of flight and risk of dangerousness, that he recently had a stroke and while detained he cannot access medical care. *See generally J.M. v. Oddo,* No. 3:24-cv-255-KAP, 2025 WL 3706433 (W.D. Penn. December 22, 2025) (granting habeas corpus relief; among the reasons for ordering a bond hearing, is that detention had become prolonged and petitioner's health had deteriorated significantly; he needed medical attention that is not available to him while in immigration detention); *see also Johnston v. Marsh,* 227 F.2d 528, 529-31 (3d Cir. 1955) (upholding habeas corpus relief; petitioner who was diabetic had a health crisis that required urgent treatment, and he could not obtain such treatment while incarcerated; Court held habeas corpus jurisdiction was proper for a due process claim that he should be granted a bail hearing to determine whether it was appropriate to released him to obtain treatment).[1]

On February 26, 2026, the Court ordered respondents to expand the record to include relevant information regarding petitioner's alleged KST status on or before March 6, 2026. Dkt. 11.

---

[1] *See generally, Land v. Deeds*, 878 F.2d 318 (9th Cir. 1989) (bail in a habeas corpus case filed under 28 U.S.C. § 2254 may only be granted if the case is extraordinary, "involving special circumstances or a high probability of success") (per curiam); *Marino v. Vasquez,* 812 F.2d 499, 507-09 (9th Cir. 1987) (affirming the district court's decision granting bail pending appeal of a Section 2254 habeas corpus petition under FRAP 23; observing that a federal court has authority to grant bail to a state prisoner while the habeas corpus petition is pending, and this authority is inherent in the power to grant the writ).

ORDER TO SHOW CAUSE - 2

On March 4, 2026, respondents stated they are "continuing to assess what materials may be appropriate for filing" and "that there are no unclassified documents available for filing prior to March 6, 2026." Dkt. 12. As of filing the present Order, the Court has received no further filings from respondents on petitioner's alleged KST status.

Considering the lack of evidence to explain the KST status, and that respondents have not addressed whether petitioner has shown his case would be considered extraordinary and his health concerns should be considered a special circumstance and high probability of success on the habeas corpus petition, the Court **ORDERS** respondents show cause on the issues listed below **on or before March 17, 2026**:

1. Explain the legal meaning, context, source of law, definition, and any other explanation of the status being described as "known suspected terrorist" in this matter, such as the mechanism or program it originates from. *See*, *e.g.*, *Latif v. Holder*, 686 F.3d 1122, 1124-25 (9th Cir. 2012) (discussing the "Terrorist Screening Center ('TSC')" which "maintains a list of known and suspected terrorists" based on "nominations" from certain federal agencies).[2]

2. Respondents have suggested that plaintiff is a known terrorist but have not asserted state secrets privilege in this matter. *See Kasza v. Browner*, 133 F.3d 1159, 1165-67 (9th Cir. 1998) (describing the state secrets privilege doctrine generally). If respondents are prohibited from disclosing information based on a

---

[2] The Ninth Circuit elaborates that "[g]enerally, nominations must be based on reasonable suspicion derived from the totality of available information that the individual is a known or suspected terrorist," including "articulable facts which, taken together with rational inferences, reasonably warrant a determination that an individual is known or suspected to be, or has been engaged in conduct constituting, in preparation for, in aid of or related to, terrorism and terrorist activities." *Latif*, 686 F.3d at 1125 n.2 (internal quotation marks omitted).

ORDER TO SHOW CAUSE - 3

claim of privilege, they must file a motion for protective order and explain the legal basis for suppressing the evidence.

3. Provide the Court with an updated report concerning the current status of petitioner's health. This report must include any treatment or transfers to treatment facilities since petitioner's declaration dated January 19, 2026. (Dkt. 8). Petitioner declares, "I suffered a stroke" at a prior detention facility and the "doctor . . . told me that I would need surgery, but that they could not do it while I was in detention." Dkt. 8 at 3. Petitioner also states that since arriving at the Northwest ICE Processing Center, he "ha[s] been using a wheelchair" and that while he "was able to get physical therapy . . . my condition has not improved . . . and the doctors continue to recommend surgery" but he was "only scheduled for another MRI." Dkt. 8 at 3.

If the respondents determine that their response to this Order to Show Cause, any assertion of a privilege, or any expansion of the record, would require the respondents to provide the Court with confidential or sensitive information, the respondents may file a motion for a protective order, motion for in camera review, or a motion for a specialized procedure. For example, Local Rule 5(g) and General Orders 07-25, 09-24, and 03-21 give guidance on motions to seal, or motions to handle documents that would qualify as "highly sensitive."

Alternatively, if the respondents are unable to fully respond to the above requests, or need additional time, they shall file a motion **on or before March 17, 2026**, explaining the good cause basis for an extension of time, or the substantive legal and factual basis for failure to comply with this Order.

ORDER TO SHOW CAUSE - 4

Dated this 10th day of March, 2026.

Theresa L. Fricke
United States Magistrate Judge

ORDER TO SHOW CAUSE - 5